## 61888. COUNTRY GREENS VILLAGE ONE OWNER'S ASSOCIATION, INC. v. MEYERS.

QUILLIAN, Chief Judge.

This is an appeal from the grant of a partial summary judgment to the defendant Meyers. Yvonne Meyers purchased a "townhome" in the Country Greens Village One subdivision of homes in Clayton County, Georgia, in 1976. The developers, Morris & Stillerman Ventures, executed and recorded a "Declaration of Covenants and Restrictions for Country Greens Village One" which stated that every owner automatically became a member of the homeowners association upon the acceptance of a deed. The developers conveyed to the Country Greens Village One Association (Village Association), certain areas in and around the designated townhomes covered by the declaration. The declaration required the purchaser of a townhome to pay "all assessments and charges levied by the Village Association in accordance with the provisions of this Declaration." The declaration also provided that such assessments, together with expenses of collection "shall constitute a continuing lien on the Townhome" of the purchaser.

Defendant Meyers became delinquent in payment of her assessment and the Village Association brought this action as plaintiff for past due assessments, interests, attorney's fees and "foreclosure of the lien set forth in satisfaction" of the amounts claimed due. Defendant moved for partial summary judgment "on the issue of the Plaintiff's right [to] foreclose [the] lien on the defendant's property. . . ." The trial court granted the motion, holding that plaintiff — "being a home owners association and not a condominium as defined by Ga. Code Ann. § 85-16030e (q) [sic] is not entitled to file or foreclose liens under any provision of the Georgia Law . . ." Plaintiff brings this appeal. *Held:*

Plaintiff's single enumeration of error contends the trial court erred in holding it was " 'a homeowner's association and not a condominium as defined by Ga. Code Ann. Section 85-16030e (q) [sic], is not entitled to file or foreclose liens under any provision of the Georgia law' and in ordering Appellant to have Appellant's lien satisfied of record."

Three issues are raised by this enumeration: (1) Is the plaintiff Association a "condominium," (2) Is the Association entitled to file or foreclose a lien, and (3) Did the trial court err in directing the lien to be satisfied of record?

(1) We agree with the trial court that the plaintiff association is not a "condominium" as that term is defined under the Georgia Condominium Act, Code Ann. Chapter 85-16E (Ga. L. 1975, pp. 609

et seq.). The declaration filed by the developers does not meet the minimum requisites of the Act. For example — Code Ann. § 85-1614e (a) (1) (Ga. L. 1975, pp. 609, 630) requires the name of the development to include the word "condominium" or to be followed by the words "a condominium." This declaration lists its name as "Country Greens Village One . . . A Planned Unit Development." Plaintiff was asked: "Are undivided interests in common elements of Country Greens vested in the unit owners?" The answer was: "No." Our Code requires: "The declaration shall allocate *to each unit*. . . and [sic] undivided interest in the common elements." Code Ann. § 85-1615e (a) (Ga. L. 1975, pp. 609, 630) (Emphasis supplied.) The developer's declaration places title to the limited amount of "common areas" in the Village Association. Our Condominium Act expressly provides that "[a] condominium shall come into existence upon the recordation of the declaration pursuant to the provisions of this Chapter . . ." Code Ann. § 85-1609e (Ga. L. 1975, pp. 609, 620). Accordingly, we find that plaintiff's declaration does not comply with the Georgia Condominium Act and Country Greens Village One is not a condominium.

(2) The declaration of the developer provided that the purchaser of a townhome agreed "to all the terms, provisions, liens, covenants and restrictions of this Declaration." Those terms and covenants included the obligation to pay the Village Association's assessments, and if not paid promptly to pay interest and costs of collection. Such charges were stated to "be a continuing lien upon the Town homes against which each such assessment is made."

In the instant case, the Village Association filed a lien against the defendant's home and sought to foreclose it in this action. As a general matter, liens are classified as either common law, equitable, or statutory. See 20 EGL 11, Liens, §§ 3, 4, and 5. We are not faced with any claim of equitable lien as this action was in the State Court of Clayton County. Code Ann. § 37-101 (Code § 37-101). Neither do we have a claim of common law lien which is dependent upon the right of the secured party to possess the property until the claim of lien is satisfied. *Caye & Co. v. Milledgeville Banking Co.*, 91 Ga. App. 664, 667 (86 SE2d 717). Further, common law liens arose by implication of law and not from an express contract — as in this case. 53 CJS 836, Liens § 3.

The remaining category of lien is statutory. Our Code — Title 67, Chapters 17 through 26 lists the various types of recognized statutory liens. Plaintiff's lien is not among them. Chapter 67-23 sets forth the procedure for foreclosure of liens on real estate — "provided for in this Title . . ." Code Ann. § 67-2301 (Code § 67-2301). A contractual lien is not among those listed. The Georgia Con-

dominium Act authorizes the creation of a lien for "labor or services performed or materials furnished for improvement of the common elements, if duly authorized by the [condominium] association . . ." Code Ann. § 85-1608e (c) (Ga. L. 1975, pp. 609, 618). However, even though the Condominium Act also provides that "[a]ll sums lawfully assessed by the [condominium] association against any unit owner or condominium unit, whether for the share of the common expenses appertaining to that condominium unit or otherwise, shall, from the time the same became due and payable, constitute a lien, in favor of the association . . ." — we find this provision applicable only to Condominium Associations and plaintiff is not a condominium. Division (1), supra. Plaintiff does not contend they come within the Georgia "Apartment Ownership Act." See Code Ann. Chapter 85-16B (Ga. L. 1963, pp. 561, et seq.). Accordingly, we have found no statutory provision for the lien attempted to be created by the contract in issue, and plaintiff has not cited any specific statute authorizing its claim of lien against defendant's realty. Thus, we are required to conclude that plaintiff's claim of lien is not statutory.

(3) Although we declined earlier to discuss the question of whether the claim of lien may be equitable, because this action was brought in the State Court of Clayton County, it is necessary to consider that issue at this point to resolve the last problem presented by the enumerated error.

The trial court ordered the plaintiff to satisfy its lien of record. This was error. An equitable lien may arise from a contract. *Routon v. Woodbury Banking Co.,* 209 Ga. 706, 708 (75 SE2d 561); Cf. *Shubert v. Spier,* 201 Ga. 20 (3) (38 SE2d 835); see generally 53 CJS 840, Liens § 4(b); 51 AmJur2d 165, Liens §§ 25, 26. "Since the Uniform Procedure Act, equity may enforce liens created by express contracts under proper pleadings, and may protect equitable rights by impressing liens in the absence of a contract." *Routon v. Woodbury Banking Co.,* 209 Ga. 706, 708, supra. "No particular form is required for an agreement to constitute a lien. It is sufficient if it clearly indicates the intention to create a lien, the debt to secure which it is given, and the property upon which it is to take effect. . . ." *Wylly v. Screven,* 98 Ga. 213, 216 (25 SE 435); *Waldroup v. State,* 198 Ga. 144, 147 (30 SE2d 896).

" 'An equitable lien is not an estate or property in the thing itself, nor a right to recover the thing — that is, a right which may be the basis of a possessory action . . . It is simply a right of a special nature over the thing, which constitutes a charge or encumbrance upon the thing, so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial

decree'...." *Collier v. Bank of Tupelo,* 190 Ga. 598, 601 (10 SE2d 62). Further, our Supreme Court has held that "a special lien on specific property may be decreed whenever under the rules of equity the circumstances require this remedy." *Chapple v. Hight,* 161 Ga. 629, 632 (131 SE 505); *Murphey, Taylor &c., Inc. v. Williams,* 223 Ga. 99, 104 (153 SE2d 542). Accordingly, the question of whether or not an equitable lien arose from the contract, and was enforceable by foreclosure must be reserved for a court of equity and it was error for the trial court — which did not have equity jurisdiction — to require the lien to be satisfied of record.

*Judgment affirmed in part; reversed in part. McMurray, P. J. and Pope, J., concur.*

DECIDED MAY 21, 1981.

*Philip S. Downer, Richard A. Bacon,* for appellant.
*Larry King,* for appellee.