## Pleet v. Valley Greene Associates

*Alan B. Ziegler,* for plaintiff.

*John A. Harenza,* for defendant Valley Greene Associates and National Properties Inc.

*Thomas M. Golden,* for defendant Hays Construction Inc.

ESHELMAN, T.J., *J.,* September 4, 1987 — On January 16, 1987, plaintiff commenced a class action on behalf of himself and other unidentified parties seeking the return of deposits and statutory damages in connection with the purchase of townhomes in the Valley Greene Village housing development, located in the borough of Wyomissing Hills, Berks County, Pennsylvania. Defendants filed a preliminary objection in the nature of a demurrer, Pa.R.C.P. 1017(b)(4). We granted that motion and

dismissed the complaint on April 28, 1987, and entered judgment on behalf of defendants. This order supports our decision.

Plaintiff based his claim on the Pennsylvania Uniform Condominium Act, 68 Pa.C.S. §3101-3414. The act requires a seller or declarant of a condominium to deliver a public offering statement to the buyer.[1] Plaintiff averred in his complaint that he and other members of his class did not receive a public offering statement. Plaintiff asserted that failure to deliver the public offering statement entitles him to relief provided for under the Uniform Condominium Act.[2] Defendants' demurrer alleged that the Valley Greene Village townhomes were not condominiums under the meaning of the act.

The issue to be decided is thus one of law: Are the Valley Greene Village townhomes condominiums under the Pennsylvania Uniform Condominium Act?[3]

The act defines a condominium as follows:

"Real estate portions of which are designated for separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners."

Thus, in order for a residential unit to comply with the definition of a condominium, two requirements must be met. First, the development must contain common elements, and second, the undivided interests in the common elements must be vested with the unit owners.

The common areas to the Valley Greene Village

---

1. 68 Pa.C.S. §3406(a).
2. 68 Pa.C.S. §3406(c).
3. 68 Pa.C.S. §3103.

development are owned by the Valley Greene Village Homeowners Association Inc., a not-for-profit Pennsylvania corporation, and not by the individual unit owners.[4] Thus the development does not qualify as a condominium and plaintiff is prevented from seeking the remedies afforded by the act.

The distinction between common areas being owned by an association or by individual unit holders is crucial. The Pennsylvania Legislature adopted the definition of condominiums in its entirety from the Uniform Condominium Act.[5] The comments to the act concerning the definition of a condominium clearly state that the common areas must be owned by the unit owners and not by an association.[6] Thus the legislative intent is clear. If the common areas of a development are owned by an association rather than by individual unit holders, the development is not a condominium.

A search of judicial precedent by those states that have adopted the Uniform Condominium Act turns up only one case that deals squarely with the issue before us today. In *Country Greens Village One Owners' Association Inc. v. Meyers,* 281 S.E. 2d 346, Ga. App. 609 (1981), the Georgia appeals court held that the development was not a condominium under the Uniform Condominium Act adopted by the Georgia Legislature because ownership of the common grounds was held by an association rather than by individual unit holders.

Therefore, given the clear legislative intent of the Uniform Condominium Act and the judicial interpretation of this issue from another jurisdiction that

4. See Article 1 of the declaration.

5. See Uniform Laws Annotated, Master Edition of the Uniform Condominium Act §1-103(7).

6. See Uniform Laws Annotated, Master Edition §1-103 comments, page 436.

has adopted the Uniform Condominium Act, we hold that the Valley Greene Village development is not a condominium as defined under 68 Pa.C.S. §3103. Accordingly, defendants' preliminary objection in the nature of a demurrer is hereby sustained, the complaint of plaintiff is dismissed and judgment is entered on behalf of defendants and against plaintiff.