Paul SHIMEK, III, Kathy Forbes, George Forbes, Mildred Bobbitt, and John Rosa, Plaintiffs,

v.

WEISSMAN, NOWACK, CURRY & WILCO, P.C., Defendant.

No. CIV.A. 1:02–CV–3020–WBH.

United States District Court, N.D. Georgia, Atlanta Division.

July 30, 2003.

**1346**

Robert Allen Kaiden, Cristina Isabel Kaiden, Kaiden & Kaiden, Smyrna, GA, for plaintiffs.

Derek W. Johanson, Edward Mark Gilgor, Weissman, Nowack, Curry & Wilco, Atlanta, GA, for defendant.

### ORDER

HUNT, District Judge.

Before the Court are Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [5–1, 5–2], and Plaintiffs' Motion for Partial Summary Judgment [11].

### BACKGROUND

Plaintiffs, homeowners and members of their respective homeowners associations, bring this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs allege various deceptive and unfair debt collection practices by Defendant, a law firm hired to collect past due fees and assessments on behalf of the homeowners associations. In particular, Plaintiffs allege that Defendant violated the FDCPA by sending letters to Plaintiffs informing them that a lien had been filed against their property to secure unpaid homeowners association assessments. Plaintiffs further allege that Defendant's practice of filing the liens prior to or contemporaneously with sending the letters violates the FDCPA. The letters at issue provide, in relevant part:

> This firm represents [Homeowners Association]. Our client's records show that you are the owner of property at [Subdivision]. If this information is not correct, please notify us.

> Our client's records indicate that, as of the date of this letter, you owe a total of [Amount Past Due] in past due assessments and charges to [Homeowners Association]. This firm has been engaged to collect this debt. This letter is to notify you that, pursuant to the governing documents for [Homeowners Association], a lien has been sent to the Clerk of Court to secure this sum.

> You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

> If you want to resolve this matter, you must, no later than thirty (30) days after your receipt of this letter, either pay [Amount Past Due] or notify us that you dispute the debt. Although we have requested that you pay [Amount Past Due] within thirty (30) days following your receipt of this letter, our request

does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Defendant has filed a motion to dismiss for failure to state a claim under the FDCPA, or, in the alternative, a motion for summary judgment. Plaintiffs have cross-moved for summary judgment on the issue of liability. Because the Court has considered evidence outside the pleadings, Defendant's motion is construed as one for summary judgment.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when no genuine issue as to any material fact is present, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The movant carries the initial burden and must show that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The nonmovant is then required "to go beyond the pleadings"

and present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Resolving all doubts in favor of the nonmoving party, the court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.*

### II. Alleged Violations of the FDCPA

The motions for summary judgment presently before the Court raise the following issues: (1) whether a debt collector must notify a consumer that he or she may obtain a copy of a judgment even when no such judgment exists; (2) whether a debt collector must provide the consumer with the name and address of the consumer's original creditor when the original creditor is the same as the current creditor; (3) whether notice of the filing of a lien overshadows the validation notice required by the FDCPA; (4) whether a debt collector must prevent a lien from being recorded once the consumer disputes the debt; and (5) whether debt collection letters were sent directly to Plaintiffs Bobbitt and Rosa in violation of the FDCPA. The Court will consider these issues in turn.

### A. Notification of Judgment Availability

In Count Four of the Complaint, Plaintiffs allege that Defendant violated Section 1692g(a)(4) of the FDCPA by failing to inform them that, upon their request, Defendant would provide them with a copy of a judgment against them. Section 1692g(a)(4) requires a debt collector[1] to

---

1. It is undisputed that Defendant is a "debt     collector" within the meaning of the FDCPA.

inform the debtor that upon written request the debt collector will "obtain *verification of the debt or a copy of a judgment* against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4) (emphasis added). It is undisputed that Defendant did not have a judgment against Plaintiffs, and Defendant's letter did not advise Plaintiffs that Defendant would furnish them with a copy of a judgment.

■ In support of their position, Plaintiffs cite several cases for the proposition that a debt collection letter that tracks the statutory language of Section 1692g(a)(4) is not misleading even in the absence of a judgment. However, Plaintiffs have not cited any authority that requires such a complete recitation of the statutory language when the creditor has not obtained a judgment. To the contrary, courts considering this issue have concluded that a debt collector need not offer to provide a copy of a judgment that does not exist. *See Beeman v. Lacy, Katzen, Ryen & Mittleman,* 892 F.Supp. 405, 410 (N.D.N.Y. 1995) ("A plain reading of the statute as well as plain logic compel the conclusion that a debt collector cannot be required to disclose that it will furnish a copy of a judgment which does not exist"); *Stojanovski v. Strobl and Manoogian, P.C.,* 783 F.Supp. 319, 324 (E.D.Mich.1992) (rejecting such a requirement as an abusive debt collection practice in light of the potential for misleading unsophisticated consumers into believing a judgment already existed).

In light of the plain language of the statute and the authority cited above, the Court agrees with Defendant that the FDCPA does not require a debt collector to inform consumers that a judgment will be provided when none exists. In the absence of any judgment, Defendant satis-

fied the requirements of Section 1692g(a)(4) by offering to "obtain and mail verification of the debt" to Plaintiffs. Accordingly, with respect to Count Four, Defendant's motion for summary judgment is GRANTED, and Plaintiff's motion is DENIED.

**B. Information about Original Creditor**

■ In Count Six of the Complaint, Plaintiffs allege that Defendant violated Section 1692g(a)(5) of the FDCPA by failing to offer to provide the name and address of Plaintiffs' original creditors, or, alternatively, by providing the name but not the address of the original creditors. Section 1692g(a)(5) provides that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, *if different from the current creditor.*" 15 U.S.C. § 1692g(a)(5) (emphasis added). It is undisputed that the letters indicate that the homeowners associations are both the original and current creditors, Defendant's letter does not include the Section 1692g(a)(5) language quoted above, and Defendant's letter does not provide the address of the homeowners associations.

Defendant maintains that it need not include the Section 1692g(a)(5) language in its debt collection letter when the current creditor is the original creditor, and an offer to provide information about a nonexistent original creditor would in itself be a violation of the FDCPA because it would mislead consumers. *See Stojanovski,* 783 F.Supp. at 324 (finding that the failure to include language comporting with Section 1692g(a)(5) does not constitute a violation of the FDCPA when there is no indication that the current creditor is not the original creditor). Plaintiff has not cited any authority that requires the inclusion of this

*See* 15 U.S.C. § 1692a(6).

language when the debt collector is acting on behalf of the original creditor. Therefore, based on the plain language of the statute and the authority cited by Defendant, the Court concludes that Defendant complied with the FDCPA by providing the name of the creditor to whom the debt was owed. *See* 15 U.S.C. § 1692g(a)(2). As to Count Six, Defendant's motion for summary judgment is GRANTED, and Plaintiff's motion is DENIED.

## C. Inclusion of Lien Language

### 1. *Overshadowing*

■ In Count One of the Complaint, Plaintiffs allege that Defendant violated Section 1692g(a) of the FDCPA because certain "lien language" in the second paragraph of Defendant's letter overshadows the required validation notice set forth in the third and fourth paragraphs of the letter. Specifically, Plaintiffs assert that by stating that a lien has been sent to the Clerk of Court, Defendant leads consumers to believe that they can only avoid the lien by immediately paying the debt. Consequently, Plaintiffs argue that this language misleads consumers about their right to dispute the debt within the 30–day period.

■ The FDCPA requires debt collectors to include a validation notice in the debt collection letter which states that the debtor has 30 days to dispute the debt. *See* 15 U.S.C. § 1692g(a). The validation notice must not be contradicted or overshadowed by other language in the letter. *See Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518 (7th Cir.1997) (citing cases with the same holding from the Second, Third, Fourth, Seventh, and Ninth Circuits). Courts in the Eleventh Circuit use the "least sophisticated consumer" standard when analyzing overshadowing claims. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175–76 (11th Cir.1985). As a general matter, language is oversha-

dowing if it would make the least sophisticated consumer uncertain as to his or her rights. *See Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996). Although the Eleventh Circuit has not considered the issue, this Court agrees with the Second, Third, and Ninth Circuits that the determination of whether language overshadows the validation notice is a question of law. *See Martinez v. Law Offices of David J. Stern, P.A.,* 266 B.R. 523, 533 (Bankr. S.D.Fla.2001); *Wilson v. Quadramed Corp.,* 225 F.3d 350, 353 n. 2 (3d Cir.2000) (noting that only the Seventh Circuit has found this determination to be a question of fact).

In the absence of any express conflict between the lien language and the validation notice, the Court has found nothing in the letter that would mislead the least sophisticated consumer into believing that she had less than 30 days to dispute the debt. "Even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir.1993). The least sophisticated consumer who reads Defendant's letter is clearly advised of the fact that a lien has been filed to secure the debt, and, twice on the same page and in the same typeface, the consumer is informed of her right to dispute that debt within 30 days. At no point in the letter does Defendant demand that the consumer take any additional action to avoid adverse consequences, nor does Defendant impose a time frame on Plaintiffs other than that mandated by the FDCPA. *Cf. Bartlett v. Heibl,* 128 F.3d 497, 500–01 (7th Cir.1997) (finding that language instructing the consumer to pay the debt or contact the creditor within one week to avoid legal action rendered the 30–day validation notice appearing at the end of the letter nothing more than "legal gibberish").

Plaintiffs have offered no authority to suggest that simply advising a consumer of the existence of a lien, without more, may overshadow or contradict the validation notice. Accordingly, because the Court has found that even the least sophisticated consumer would not be mislead about her right to dispute the debt, the Court concludes that Defendant did not violate Section 1692g(a) of the FDCPA. As to Count One, Defendant's motion for summary judgment is GRANTED.

### 2. *Deceptive Means*

In Count Three of the Complaint, Plaintiffs allege that inclusion of the lien language also constitutes a deceptive means to collect a debt in violation of Section 1692e(10) of the FDCPA. This section prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692e(10) claims are analyzed from the perspective of the least sophisticated consumer. *See Jeter*, 760 F.2d at 1175–76. For the same reasons set forth in connection with Plaintiffs' overshadowing claim, the Court concludes that the lien language in Defendant's letter merely provided information and was not designed to mislead or deceive even the least sophisticated consumer as to his or her right to dispute the debt. Accordingly, as to Count Three. Defendant's motion for summary judgment is GRANTED.

### D. Filing of the Lien

#### 1. *Debt Collection During Verification Period*

In Count Five of the Complaint, Plaintiffs allege that Defendant violated Section 1692g(b) of the FDCPA by causing or allowing liens to be recorded against Plaintiffs' property after Plaintiffs properly requested verification of the debt. Section 1692g(b) provides that once the consumer properly notifies the debt collector that the debt is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment ... and a copy of such verification or judgment ... is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). It is undisputed that Defendant mailed the liens to the Clerk of Cobb County Superior Court at the same time that it mailed the debt collection letters to Plaintiffs, and the Clerk recorded the liens after Plaintiffs requested verification of the debt, but before such verification was provided by Defendant.

Although the liens had already been forwarded to the Clerk by the time Plaintiffs received their debt collection letters, Plaintiffs contend that Defendant was obligated to "take positive action" to prevent the Clerk from recording the liens once Plaintiffs requested verification of the debt. The plain language of Section 1692g(b), however, requires only that Defendant "cease collection of the debt" once verification is requested. Because Defendant did not violate the FDCPA by filing the liens before Plaintiffs were advised of their right to dispute the debt, *see Sprouse v. City Credits Co.*, 126 F.Supp.2d 1083, 1088–89 (S.D.Ohio 2000) (holding that a debt collector need not provide validation notices to the debtor prior to filing suit), the Court is not persuaded that Defendant was required, or even had the opportunity, to prevent the liens from being recorded by the Clerk during the verification period.[2]

2. In the sole case relied on by Plaintiffs, the New Jersey Superior Court held that a debt collector violated Section 1692g(b) of the FDCPA when it filed a lien during the verification period. *See Loigman v. Kings Landing Condominium Assoc., Inc.*, 324 N.J.Super. 97, 107, 734 A.2d 367 (1999). In that case, the

The Court agrees with Defendant that once Plaintiffs requested verification of the debt, Section 1692g(b) prohibited Defendant from taking the next step in the collection process—that is, instituting an action for judicial foreclosure on the liens—until it provided verification to Plaintiffs. Because it is undisputed that Defendant did not attempt to foreclose upon the liens or take any other affirmative action to collect the debt during the verification period, the Court finds that Defendant did not violate Section 1692g(b). Accordingly, as to Count Five, Defendant's motion for summary judgment is GRANTED, and Plaintiffs' motion is DENIED.

### 2. *Unfair Means of Debt Collection*

In Count Two of the Complaint, Plaintiffs allege that Defendant's actions with respect to filing the liens also violate Section 1692f of the FDCPA. This section provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, Plaintiffs contend that it was "unfair and unconscionable" for Defendant to allow the Cobb County Superior Court to control when the recording of the liens took place. Plaintiffs have offered no additional authority in support of this claim. In light of the Court's findings above with respect to Plaintiffs' Section

1692g(b) claim, the Court concludes that Defendant's actions did not constitute an unfair or unconscionable means of debt collection. Accordingly, as to Count Two, Defendant's motion for summary judgment is GRANTED, and Plaintiff's motion is DENIED.

### E. Letters to Plaintiffs Bobbitt and Rosa

■ In Count Seven of the Complaint, Plaintiffs Bobbitt and Rosa allege that Defendant violated Section 1692c(a)(2) of the FDCPA by bypassing their counsel and sending letters directly to them on November 18, 2002.[3] Section 1692c(a)(2) prohibits a debt collector, absent consent from the consumer or leave of court, from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. § 1692c(a)(2).

Defendant admits that it mailed a second debt collection letter to Plaintiffs Bobbitt and Rosa directly on November 18, 2002.[4] While Defendant disputes whether

---

debt collector had only threatened to file a lien at the time the debt collection letter was mailed, and the debt collector did not forward the lien to the clerk for recording until *after* the debtor requested verification of the debt. Thus, *Loigman* does not address the situation where, as here, a debt collector forwards a lien to the clerk well before the debtor requests verification.

**3.** Plaintiffs also complain about two additional letters sent to Plaintiffs Bobbitt and Rosa on November 18, 2002 in care of attorney Phillip Bobbitt. Plaintiffs have not alleged that the letters sent to attorney Bobbitt were an improper communication with a third party under Section 1692c(b). Accordingly, to

the extent that Count Seven is based on these letters, Defendant's motion for summary judgment is GRANTED, and Plaintiffs' motion is DENIED.

**4.** Defendant asserts that these letters, attached as Exhibits 5 and 6 to Plaintiffs' Motion for Partial Summary Judgment, should not be considered by the Court because they are not authenticated by an affidavit. *See Burnett v. Stagner Hotel Courts, Inc.*, 821 F.Supp. 678, 683 (N.D.Ga.1993). However, because Defendant has admitted sending these letters to Plaintiffs Bobbitt and Rosa, the Court finds them sufficiently authenticated for consideration at the summary judgment stage.

Kaiden & Kaiden, LLC or Phillip Bobbitt, Esq. was representing Plaintiffs with respect to the debt, it is undisputed that Defendant knew that Plaintiffs were represented by counsel. Because Defendant did not obtain the consent of Plaintiffs, their counsel, or the Court before sending the letter directly to Plaintiffs, the Court finds as a matter of law that Defendant violated Section 1692c(a)(2). Accordingly, as to Count Seven, Plaintiffs' motion for partial summary judgment is GRANTED. Defendant's request that the Court hold that no actual damage resulted from the transmission of these letters and an award of $0.00 in attorneys fees is reasonable is presently DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss or Alternative Motion for Summary Judgment [5–1, 5–2] is GRANTED IN PART and DENIED IN PART; and Plaintiffs' Motion for Partial Summary Judgment [11] is GRANTED IN PART and DENIED IN PART. In particular, Defendant's motion is GRANTED as to Counts One through Six, and Plaintiffs' motion is GRANTED as to Count Seven. Counts One through Six are hereby DISMISSED.