[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 22, 2004**
**THOMAS K. KAHN**
**CLERK**

_____

No. 03-14428

_____

D. C. Docket No. 02-03020-CV-WBH-1

PAUL SHIMEK, III,

Plaintiff-Appellant,

versus

KATHY FORBES, et al.,

Plaintiffs,

WEISSMAN, NOWACK, CURRY & WILCO, P.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 22, 2004)**

Before BLACK and RONEY, Circuit Judges, and STROM[*], District Judge.

_____

[*]Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

PER CURIAM:

Plaintiff Paul Shimek, III, appeals the district court's grant of summary judgment to defendant law firm Weissman, Nowack, Curry & Wilco, P.C. ("the law firm") in this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Shimek is a homeowner and member of a homeowners association that hired the defendant law firm to collect past due fees and assessments on its behalf. Shimek alleged that the law firm, while attempting to collect a $260 fee owed by him to the homeowners association, engaged in deceptive and unfair collection practices, in violation of several provisions of the FDCPA. We affirm the judgment of the district court, holding that the FDCPA: (1) does not preclude a debt collector from contemporaneously filing a lien with the state Clerk of the Court at the same time it sends a letter of demand to the consumer, so long as the initial filing of that lien is permitted by state law, even if the consumer did not first have the opportunity to dispute or verify the debt; and (2) does not create a duty on the debt collector to prevent the Clerk of the Court from filing the lien after verification has been requested.

The facts of this case are not in dispute. On May 16, 2002, the law firm mailed an equitable lien to the Clerk of the Cobb County Court ("Court Clerk") to secure Shimek's $260 debt for unpaid assessments and fees owed to his homeowners

association. On that same day, the law firm sent Shimek a dun letter notifying him of the debt and that it had mailed an equitable lien to the Court Clerk. The letter also notified Shimek of his right to dispute the debt within 30 days. On May 28, Shimek requested verification of the debt and paid the $260 under protest. On June 4, the lien was recorded by the Court Clerk. On July 3, the law firm sent Shimek verification of the debt. On July 12, the law firm sent cancellation of the lien to the Court Clerk. The Court Clerk recorded that lien cancellation on August 16.

Shimek raises six issues on appeal. The four which address the contents of the demand letter are affirmed based on the well-reasoned order of the district court. *See* 11th Cir. R. 36-1; *Shimek, et al. v. Weissman, Nowak, Curry & Wilco, P.C.*, ___ F. Supp.2d ___ (N.D. Ga. 2003).

The other two issues present questions of first impression in this Circuit:

First, whether a debt collector's filing of a lien with the Court Clerk at the same time it sends a demand letter to a consumer, all prior to that consumer requesting verification of that debt, violates the FDCPA. Second, whether the debt collector violates the FDCPA by failing to prevent the Court Clerk from recording that lien after the consumer has requested verification of the debt.

**Filing of a lien with the Clerk of the Court at the same time a demand letter is sent.**

Section 1692f states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692g(b) then states**:**

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment*, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis supplied).

Shimek argues that the law firm violated §§ 1692g(b) and 1692f of the FDCPA by engaging "in the reckless pattern and practice of sending liens to the Clerk of the Superior Court for recording prior to or contemporaneously with sending out its initial dun letter to the consumers." He asserts that this practice was an "unfair or unconscionable" means to collect the debt "because it permitted the recording of liens against the consumer's property after the consumer had requested verification of the debt in writing."

Under Georgia law, the filing of a lien by a creditor is a necessary step for securing payment of a debt. *See, e.g., Country Greens Village One Owner's Ass'n,*

4

*Inc. v. Meyers*, 281 S.E.2d 346, 348-49 (Ga. Ct. App. 1981). The plain language of §1692g(b) does not extinguish a debtor's right to secure a debt under state law, but instead merely prohibits deceptive collection techniques. *See Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997) (noting that the debt collector is free to file a lien prior to the consumer's request for verification of the debt); *Sprouse v. City Credits Co.*, 126 F. Supp.2d 1083, 1088-89 (S.D. Ohio 2000); *Ditty v. CheckRite Ltd., Inc.*, 973 F. Supp. 1320, 1328 (D. Utah 1997). Both Shimek and this Court have failed to identify any provision of the FDCPA which preempts lien rights afforded to debt collectors under state law. Because filing a lien is a legally permissible method for securing a debt under Georgia law, without identification of something more it cannot be deceptive under the plain meaning of § 1692g(b). *See CBS Inc. v. Prime Time 24 Joint Venture*, 245 F.3d 1217, 1228 (11th Cir. 2001) (noting that the plain meaning of the statute will be followed unless it would lead to a "truly absurd" interpretation). A debt collector's contemporaneous filing of a lien with the Clerk of a Court and the sending of a dun letter to a consumer prior to the consumer requesting verification of that debt does not violate the FDCPA.

**Whether a debt collector violates the FDCPA by failing to prevent the Clerk of the Court from recording that lien after the consumer has requested verification.**

Even assuming the propriety of filing the lien with the Court Clerk contemporaneously with the demand letter, Shimek argues that the law firm should have taken action to "prevent" the Court Clerk from recording the lien after he had disputed the debt and requested verification pursuant to the thirty-day verification period set forth in § 1692g(a).

The plain language of Section 1692g(b) mandates that a debt collector "cease collection of the debt" once verification is requested. Here, it is undisputed that the law firm took no further action once Shimek requested verification of the debt on May 28, 2002. The law firm filed the lien with the Court Clerk but ceased all collection activities once Shimek disputed the debt and requested verification. The record fails to indicate that the law firm took any action to foreclose on the lien after Shimek disputed the debt, which would have been the next procedural step in the debt collection process under Georgia law. *See Country Greens Village*, 281 S.E.2d at 348-49. The statute does not require the law firm to take "positive action" and interfere, even if it was able to, with the Court Clerk's duty to record liens.

Shimek argues that *Loigman v. Kings Landing Condominium Ass'n, Inc.*, 734 A.2d 367 (N.J. Super. Ct. Ch. Div. 1999) is applicable to this case. In *Loigman*, however, the debt collectors only threatened to file a lien in the initial demand letter and did not send the lien to the clerk of the court until *after* the consumer had exercised his right to dispute the debt under the FDCPA. 734 A.2d at 369-70. The *Loigman* court properly held that sending a lien to the clerk of the court *after* a verification of the debt was requested is clearly contrary to § 1692g(b)'s requirement that a debt collector shall "cease collection of the debt" once the verification is requested. *See, e.g.*, *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031-32 (6th Cir. 1992) (holding no violation of § 1692g(b) because the debt collector "ceased collection activities after the receipt" of the consumer's request for verification, even though a subsequent collection letter was sent in error after the consumer requested verification). In this case, however, the law firm took no such step *after* receiving the request for verification.

Shimek argues that the law firm violated the FDCPA, at a minimum, for failing to file the notice of lien cancellation to the Court Clerk until July 12, 2002 for the debt that was satisfied on May 28, 2002. Shimek has neither provided evidence as to why it took the law firm that period of time to send the Court Clerk its notification

7

of lien cancellation, and thus no evidence that delay would violate the FDCPA, nor has Shimek produced any evidence as to how he was harmed by the delay.

AFFIRMED.