### A08A2393. DENHARDT v. 7 BAY TRADERS LLC.
(673 SE2d 621)

ADAMS, Judge.

7 Bay Traders LLC foreclosed on a security deed encumbering Unit 31 of Campbellton Court, an Atlanta condominium development, and took a deed under power of sale. Eddie Denhardt, who had previously received an assignment of lien and assessments with respect to the unit from the condominium association, filed a petition in superior court to enforce the lien.[1] Denhardt and Traders filed cross-motions for summary judgment, and the trial court granted summary judgment to Traders. Denhardt appeals, and we affirm.

> It is well established that on appeal of a grant of summary judgment, the appellate court must determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law. This requires a de novo review of the evidence.

---

[42] Supra.

[43] *Harris*, supra at 391 (III) (B).

[44] (Emphasis in original.) Id. at 392 (III) (B).

[1] The petition named the unit, any tenant, owner, or occupant of the unit, and Traders as defendants.

(Citation and punctuation omitted.) *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). Further,

> [a] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The facts are generally undisputed. The Campbellton Court Association recorded its Declaration of Condominium in January 1972. Section 11 of the declaration provides for the priority of the "lien of the assessments." However, only the page of the Fulton County deed book containing Section 11 of the declaration was included in the record before the trial court. Also in 1972, Edward Brown bought the unit and granted a deed to secure debt to Advance Mortgage Corporation. In 1989, Brown granted a deed to secure debt to Parkway Mortgage. In June 2005, the deed to secure debt originally issued to Parkway was assigned to Traders. The deed to secure debt originally issued to Advance Mortgage was cancelled in September 2006. In December 2006, the Association assigned its interest in unpaid condominium assessments and liens in the unit to Denhardt. On January 2, 2007, Traders foreclosed on its deed to secure debt. Subsequently, Denhardt sent Traders a "Notice of Judicial Foreclosure Statutory Demand Pursuant to [OCGA §] 44-3-109 (c)." Denhardt then filed a petition to enforce the lien.

In its motion for summary judgment, Traders contended that pursuant to the terms of the declaration, the foreclosure of its deed to secure debt extinguished the lien which Denhardt sought to enforce. Traders also argued, among other things, that OCGA § 44-3-109, which is part of the Georgia Condominium Act, OCGA § 44-3-70 et seq., did not apply because the declaration was placed of record in 1972. In its order granting summary judgment to Traders, the trial court concluded that, upon foreclosure of Trader's deed to secure debt, the provisions of Section 11 of the declaration operated to extinguish the lien for condominium assessments. Denhardt now contends that the trial court erred (i) in failing to apply OCGA § 44-3-109, (ii) in concluding that Section 11 of the declaration allowed the foreclosure of Traders's deed to secure debt to extinguish Denhardt's lien, and (iii) because public policy supports the enforce-

ment of condominium association liens over nonpurchase money second mortgages.

As to the first claim of error, Denhardt fails to show that OCGA § 44-3-109 applies to this case. OCGA § 44-3-109 establishes a lien in favor of the condominium association for sums lawfully assessed against any unit owner or condominium unit, and the provision provides for the priority of the lien. However, the Georgia Condominium Act provides: "Nothing contained in this article shall be construed to affect the validity of any provision of any instrument recorded prior to October 1, 1975." OCGA § 44-3-113 (b). Rather, the act applies to "all property which is submitted to this article," and "any condominium created prior to October 1, 1975, pursuant to the 'Apartment Ownership Act' if the instruments creating such condominium are amended in accordance with their terms in order to submit the condominium to this article." OCGA § 44-3-113 (a). Although only one page of the declaration is included in the record before the trial court, it appears from the various recorded deeds included within the record that the declaration was made pursuant to the Apartment Ownership Act, Ga. L. 1963, p. 561.

> While the Apartment Ownership Act was superseded by the Georgia Condominium Act (OCGA § 44-3-70 et seq.) in 1975, it was not repealed (OCGA § 1-1-10 (c) (55)) and continues to govern those condominiums which were created thereunder and have not amended their instruments so as to submit the condominium to the Georgia Condominium Act. See OCGA § 44-3-113.

*Devins v. Leafmore Forest Condo. Assn. of Owners*, 200 Ga. App. 158 (1) (407 SE2d 76) (1991).

Denhardt failed to come forward with any evidence showing that the declaration was amended to submit the condominium to the Georgia Condominium Act. It follows that not only did Denhardt fail to show that the lien priority provisions of OCGA § 44-3-109 applied, but he failed to show that any lien was created thereunder. See OCGA § 44-3-109 (a) (notice of lien is by "[t]he recording of the declaration pursuant to *this article*") (emphasis supplied); *Country Greens Village One Owner's Assn. v. Meyers*, 158 Ga. App. 609, 609-611 (1), (2) (281 SE2d 346) (1981) (appellant association could not establish a statutory lien under the Georgia Condominium Act where the association was not a condominium as defined in the Georgia Condominium Act). The Apartment Ownership Act might

apply, but Denhardt did not seek to enforce a lien thereunder,[2] nor did he seek to assert a nonstatutory lien. See id. (noting that appellant association, which failed to establish a statutory lien under the Georgia Condominium Act, also failed to contend that it was within the Apartment Ownership Act).

In light of the foregoing, by pointing out that the declaration was filed in 1972, Traders pointed to an absence of evidence to support Denhardt's case. Denhardt failed to come forward with any evidence giving rise to a triable issue with respect to his petition to enforce his claim for a lien under OCGA § 44-3-109. Since Denhardt failed to show that he was entitled to enforce the lien, we need not address his other claims of error by the trial court. See *Levenson v. Word*, 294 Ga. App. 104, 105 (668 SE2d 763) (2008) ("[i]t is the grant itself that is to be reviewed for error, and not the analysis employed") (citation omitted).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 16, 2009.

*Ayoub & Mansour, John A. B. Ayoub*, for appellant.
*William A. Broughman*, for appellee.

---

[2] Denhardt alleged that the priority of his lien was established by OCGA § 44-3-109, and he was entitled to judgment for $7,150 pursuant to OCGA § 44-3-109 (b) (2) and attorney fees and costs under OCGA § 44-3-109 (b) (3). He also prayed that "as a result of Petitioner's lien under [OCGA § 44-3-109" he was entitled to have the property auctioned to the highest bidder. Furthermore, the Assignment of Condominium Lien and Assessments attached to Denhardt's petition refers to "the assessments described and all other rights secured by the 'Georgia Condominium Act.' . . ."