[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2010
JOHN LEY
CLERK

No. 09-11636
Non-Argument Calendar

_____

D. C. Docket No. 07-02274-CV-T-17-EAJ

ANDRZEJ MADURA,
ANNA DOLINSKA-MADURA,

Plaintiffs-Appellants,

versus

LAKEBRIDGE CONDOMINIUM ASSOCIATION INC.,
SENTRY MANAGEMENT INC.,
PORGES, HAMLIN, KNOWLES, PROUTY,
THOMPSON & NAJMY, P.A.,
DON WESTERHOFF,

Defendants-Appellees,

TELESE MCKAY, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 14, 2010)

Before EDMONDSON, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Andrzej Madura and Anna Dolinska-Madura, Plaintiffs-Appellants, appeal pro se the district court's orders: (1) granting judgment on the pleadings for Defendants-Appellees Lakebridge Condominium Association ("Lakebridge") and Sentry Management Inc. ("Sentry") on Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims, 15 U.S.C. § § 1692a-p; (2) dismissing Plaintiffs' state law claims against Lakebridge and Sentry; (3) dismissing Plaintiffs' amended complaint against Porges, Hamlin, Knowles, Prouty, Thompson & Najmy, P.A., a law firm representing Lakebridge ("Law Firm"), for failure to prosecute; and (4) denying Plaintiffs' motion for leave to amend their amended complaint post-dismissal of the case.[1] No reversible error has been shown; we affirm.

Plaintiffs owned a condominium unit and, according to the records of Lakebridge, Plaintiffs were in arrears on monies owed to Lakebridge. Beginning in July 2007, Sentry, acting as property manager for Lakebridge, sent Plaintiffs a

_____

[1]Also named as a defendant was Don Westerhoff, president of Lakebridge and an owner of a unit at Lakebridge Condominium. Plaintiffs' brief proffers no argument about Westerhoff; challenges to the district court's orders as they pertain to Westerhoff are waived. See Horsley v. Feld, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002). Plaintiffs also included in their amended complaint a count charging Lakebridge with retaliation; because Plaintiffs' brief fails to address this issue, it is deemed to have been waived. Id.

2

"Notice of Intent to File Lien." The notice included a statement of assessments owed to Lakebridge as of 13 July 2007. On 10 August 2007, Plaintiffs demanded an explanation of the assessments and alleged a portion of the assessments already had been paid. On 23 August 2007, Sentry sent a "Notice of Lien;" the notice included a statement of assessments owed as of 23 August 2007. On 7 September 2007, Sentry filed a lien against Plaintiffs' condominium. The statements sent to Plaintiffs set out Lakebridge's name, address and telephone number; they detailed the date, description, assessment amount, interest amount and total amount due. On 3 October 2007 and 8 October 2007, Law Firm, acting as Lakebridge's attorney, sent letters to Plaintiffs stating an intent to foreclose. The letters included an amended claim of lien for past due assessments, costs, and fees.

The district court granted Lakebridge and Sentry judgment on the pleadings -- with prejudice -- on Plaintiffs' FDCPA claims: the district court concluded that neither Lakebridge nor Sentry acted as a "debt collector" under FDCPA, 15 U.S.C. § 1692a(6). The remaining state law claims were dismissed without prejudice. Because Plaintiffs failed to respond both to Law Firm's motion to dismiss and failed also to respond to a district court order to show cause why the court should not grant Law Firm's motion to dismiss or should not dismiss Plaintiffs' case for failure to prosecute, the district court dismissed Plaintiffs' case.

Plaintiffs contend that the district court committed reversible error when it considered a "Management Services Agreement" between Lakebridge and Sentry, filed with the motion for judgment on the pleadings, to conclude that Sentry acted as Lakebridge's agent and was no debt collector under FDCPA. Plaintiffs argue that the Management Services Agreement was disputed and that Fed.R.Civ.P. 12(d) required that the motion for judgment on the pleadings be converted into a motion for summary judgment.

Judgment on the pleadings was granted appropriately in favor of Lakebridge. Lakebridge was not subject to the FDCPA because it was no debt collector; it was a creditor. See 15 U.S.C. § 1692a(6) defining "debt collector" as "any person who ...regularly collects ... debts owed ... or due another;" and 15 U.S.C. § 1692a(4) defining "creditor" as "any person ... to whom a debt is owed." But consideration of the disputed Management Services Agreement to determine that Sentry also was no debt collector for purposes of FDCPA constituted error: it violated Fed.R.Civ.P. 12(d)'s prescription that a motion for judgment on the pleadings that presents matters outside the pleadings -- and are not excluded by the court -- be treated as a motion for summary judgment under Rule 56. Nonetheless we conclude judgment on the pleadings was granted appropriately in favor of Sentry: even ignoring Sentry's status under the Management Services Agreement, the pleadings make

4

clear that Sentry's acts did not violate FDCPA.  See Bircoll v. Miami-Dade

County, 480 F.3d 1072. 1088 n.21 (11th Cir. 2007) (we may affirm on any ground

supported by the record).

The purpose of FDCPA is "to eliminate abusive debt collection practices by

debt collectors."  15 U.S.C. § 1692(e).  Section 1692f provides that a "debt

collector may not use unfair or unconscionable means to collect or attempt to

collect any debt."  Under section 1692g, after a debt collector's initial

communication with a consumer, if the consumer notifies the debt collector that

the debt is disputed, "the debt collector shall cease collection of the debt ... until

the debt collector obtains verification of the debt ... or the name and address of the

original creditor, and a copy of such verification ..., or the name and address of the

original creditor, is mailed to the consumer by the debt collector."  Id. at 1692g(b).

Sentry sent Plaintiffs verification of the debt with its Notice of Intent to File Lien;

and Sentry updated that verification in later correspondence.  Again after Plaintiffs'

requested verification -- and contemporaneously with the filing of the lien -- Sentry

sent Plaintiffs a current statement in verification of the debt.  See Schimek v.

Weissman, Nowack, Curry, & Wilco, 374 F.3d 1011, 1014 (11th Cir. 2004) (if

permitted by state law, section 1692g(b) does not preclude debt collector from

contemporaneously filing lien and sending letter of demand to consumer).   So,

5

even if Sentry was a debt collector under FDCPA, it complied with the verification requirements; Sentry's collection efforts complied with section 1692g(b).[2]

Plaintiffs complain that the district court erred when it dismissed their state law claims without prejudice. According to Plaintiffs, the decision not to exercise supplemental jurisdiction was an abuse of discretion because the statute of limitations had expired on at least some of their state law claims.

A district court with original jurisdiction in a civil action has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction." 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction if all claims over which it has original jurisdiction are dismissed. Id. at § 1367(c)(3). We have concluded that a federal court may abuse its discretion when pendent state claims are dismissed and no viable state forum exists at the time of dismissal. Roper v. Edwards, 815 F.2d 1474, 1477 (11th Cir. 1987).

The district court committed no abuse of discretion when it dismissed Plaintiffs' state law claims: Plaintiffs contend incorrectly that the statute of

---

[2]We see no reversible error in the district court's grant of judgment on the pleadings on Plaintiffs' conclusory allegations that Sentry's communications violated several other sections of the FDCPA because they allegedly contained falsities, were misleading or otherwise were threatening. Just indicating that a matter may be referred to an attorney and a lien filed if payment is not made is not a deceptive practice, see Schimek, 374 F.3d at 1013; nor was it threatening to advise that Lakebridge had the ability to collect reasonable attorney's fees incurred in the course of filing a lien.

6

limitations had expired at the time of dismissal. Under Florida law, Plaintiffs had four years to commence suit for slander of title and intentional infliction of emotional distress, see Fla. Stat. § 95.11(3)(o); Plaintiffs had two years from the alleged violation to file suit under the Florida Consumer Collection Practices Act ("FCCPA"). See Fla. Stat. §559.77(4). At the time of dismissal, Plaintiffs had approximately four months to file FCCPA claims and over two years to file the other state law claims.

Nor did the district court abuse its discretion when it dismissed Plaintiffs' case against Law Firm for want of prosecution. Plaintiffs failed to respond to the district court's order to show cause.[3] "The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Prop. Inc. v Fla. Mowing & Landscape, 556 F.3d 1232, 1240 (11th Cir. 2009).

In their last assertion of error, Plaintiffs contend that the district court abused its discretion when it denied Plaintiffs' motion to amend their amended complaint. Plaintiffs' motion to amend their amended complaint was filed 22 days after final judgment. After judgment, the plaintiff who seeks leave to amend must do so

---

[3]Plaintiffs explain their failure to respond to Law Firm's motion to dismiss by asserting that they never received the motion. But Plaintiffs also failed to respond to the district court's order to show cause; they never alleged non-receipt of that order.

7

within 10 days of the entry of judgment by seeking relief under Rule 59(e)[4] (motion to alter or amend a judgment) or Rule 60(b)(6) (motion for relief from a judgment).[5] Because Plaintiffs failed to act within 10 days of judgment, no relief was available under Rule 59(e); and because Plaintiffs failed to seek relief from final judgment, Rule 60(b) has no application.

We have considered all errors advanced by Plaintiffs; no basis for reversal has been shown.

AFFIRMED.

---

[4]Fed.R.Civ.P. 59(e) has been amended, effective 1 December 2009, to expand the 10-day period to 28 days.

[5]Fed.R.Civ.P. 15(a) -- cited by Plaintiffs -- has no application after dismissal of a complaint and the entry of final judgment for defendant. See Freidman v. Market Street Mortgage Corp., 520 F.3d 1289, 1293 n.4 (11th Cir. 2008).