**Suzanne SANCHEZ, Plaintiff,**

v.

**UNITED COLLECTION BUREAU, INC., et al., Defendants.**

**Civil Action No. 1:07–CV–2478–TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 6, 2009.

Lisa Dionne Wright, Law Office of Lisa D. Wright, Atlanta, GA, for Plaintiff.

John H. Bedard, Jr., Keary Floyd, Franzen & Salzano, Norcross, GA, for Defendant.

### ORDER

THOMAS W. THRASH, JR., District Judge.

This is action seeking to recover damages under the Fair Debt Collection Practices Act. It is before the Court on the Report and Recommendation [Doc. 49] of the Magistrate Judge recommending

granting the Defendant's Motion for Summary Judgment [Doc. 45] and denying the Plaintiff's Motion for Partial Summary Judgment [Doc. 38]. As set forth in the Report and Recommendation, the Plaintiff failed to show that the Defendant's April 20, 2007 letter falsely represented the amount due on the debt. Furthermore, the Defendant is entitled to the bona fide error defense. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion for Summary Judgment [Doc. 45] is GRANTED. The Plaintiff's Motion for Partial Summary Judgment [Doc. 38] is DENIED. The Defendant's Motion for Attorney Fees [Doc. 45] is DENIED.

### *ORDER FOR SERVICE OF REPORT AND RECOMMENDATION*

GERRILYN G. BRILL, United States Magistrate Judge.

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's LR 72. Let the same be filed and a copy, with a copy of this order, be served upon Plaintiff.

The parties may file written objections, if any, to the report and recommendation within ten days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any

appellate review of factual findings will be limited to a plain error review. *United States v. Slay,* 714 F.2d 1093 (11th Cir. 1983), *cert. denied,* 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED** this 8th day of January, 2009.

### *FINAL REPORT AND RECOMMENDATION*

Before the Court are Plaintiff's Motion for Summary Judgment on Liability (Doc. 38), the Response in Opposition filed by Defendant United Collection Bureau, Inc. ("UCB") with attachments (Doc. 46), Defendant UCB's Motion for Summary Judgment (Doc. 45), and Plaintiff's Response in Opposition with attachments (Doc. 47). Plaintiff, a consumer, brings this lawsuit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.,* seeking statutory and actual damages against UCB for allegedly falsely representing the amount owed on a debt, in violation of 15 U.S.C. § 1692e(2)(A). Plaintiff's Second Amended Complaint also seeks costs and attorney's fees. The only remaining defendant in this case is UCB, a debt collection agency.[1] UCB has moved for summary judgment and also seeks attorney's fees, contending that Plaintiff has brought her action in bad faith and for the purpose of harassment. *See* 15 U.S.C. § 1692k(a)(3). Plaintiff has cross-moved for partial summary judgment with respect to liability.

After careful consideration of the motions and the entire file, I **RECOMMEND** that Defendant UCB's Motion for Sum-

---

**1.** Defendant Frederick J. Hanna & Associates, P.C., was dismissed with prejudice on April 8, 2008, and is no longer a party to this case (Doc. 37).

mary Judgment (Doc. 45) be **GRANTED,** that Plaintiff's Motion for Partial Summary Judgment (Doc. 38) be **DENIED,** and that Defendant's motion for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (Doc. 45) be **DENIED.**

## I. *BACKGROUND FACTS*

Plaintiff alleges that she opened a consumer credit card account, number 4271382088511940, with Citibank (South Dakota), N.A. ("Citibank"), in 1996 for her personal and household use. After she experienced financial difficulties, the account went into default in approximately March 2004. (Doc. 29, Pl.'s Second Amended Complaint ["SAC"] ¶¶ 15–16). On or about December 9, 2005, Plaintiff received a collection letter from Arrow Financial Services stating that the "total current balance" due on her Citibank account was $5,242.56. (Doc. 47–4 at 1–4, Ex. A ["Pl.'s Aff."] to Pl.'s Resp. in Opp'n to Def. UCB's Mot. for Summ. J. ["Pl.'s Resp."] ¶¶ 7–8 & Ex. A–1).

On April 18, 2007, Resurgent Capital Services, LP ("Resurgent") sent UCB the account to collect. The principal balance on the account was $4,807.48, plus interest of $52.68, for a total amount due of $4,860.16. (Doc. 46–2, Klein Affidavit in Support of Def. UCB's Resp. in Opp'n to Pl.'s Mot. for Summ. J. ("Klein Aff.") ¶ 12). On April 20, 2007, UCB, on behalf of its client, Resurgent, mailed Plaintiff a collection letter stating that the "amount due" on the account was $4,860.16. (Pl.'s Aff. ¶ 10 & Ex. A–2). The letter did not itemize Plaintiff's debt or indicate how the amount due was calculated or what it included, such as unpaid balance, interest, fees or other costs. The letter informed Plaintiff that the account had been placed with UCB for collection and asked her to "pay in full to our office or call for arrangements." (Doc. 47–4 at 5, Ex. A–2). Although the letter listed the same account number as Plaintiff's Citibank account,

4271382088511940, it showed "LVNV Funding LLC," not Citibank, as the creditor. (*Id.*).

On May 1, 2007, Plaintiff sent a written request to UCB for "validation" of the debt "as required under the FDCPA." (Doc. 47–4 at 6, Ex. A–3). UCB received the letter on May 7, 2007. (SAC ¶¶ 23–24). Plaintiff made no payments to UCB and UCB ceased all collection activities once Plaintiff requested validation of the debt. (Doc. 46–5 at 3 [UCB's First Requests for Admissions] ¶¶ 1–2, & 6 [Pl.'s Responses to UCB's First Set of Requests for Admissions] ¶¶ 1–2).

Plaintiff's defaulted debt was then assigned to Frederick J. Hanna & Associates, P.C. ("Hanna") for collection. On or about June 6, 2007, Hanna sent Plaintiff a collection letter advising her that LVNV Funding LLC had purchased her account from Citibank and stating that the "unpaid balance" due on her delinquent account, number 4271382088511940 ("Previous Creditor: Citibank"), was $4,807.48. (Doc. 47–4 at 9).

On June 27, 2007, Plaintiff mailed Hanna a letter disputing the debt and requesting "validation." On June 30, 2007, Hanna sent Plaintiff a "verification" of the debt, stating, in pertinent part, "Our client has verified ... the balance of *$4,829.61* to be true, correct, and still owing at this time." (*Id.* at 12, Ex. A–6). Plaintiff has filed an affidavit from Frederick J. Hanna which avers that the verified amount of $4,829.61 was arrived at by applying per diem interest of $.093 (based on the Georgia legal rate of interest of 7%) to the principal balance of the debt as originally placed ($4,807.48), for a total amount due and owing as of June 30, 2007 of $4,829.61. (Doc. 38–5, Hanna Aff. ¶ 7).

Plaintiff alleges in her Second Amended Complaint that UCB violated the FDCPA, Section 1692e(2)(A), by falsely represent-

ing the amount due on the debt in its collection letter to her dated April 20, 2007. (SAC ¶¶ 19–21).

The compliance director of UCB, Jack M. Klein, avers that UCB was retained by its client, Resurgent, to collect Plaintiff's debt on April 18, 2007. (Klein Aff. ¶ 11). In his affidavit, Klein states that UCB relies on its client's representation of what is due and owing on the debt when UCB sends out its collection letters, and does not independently conduct any investigation of its own to determine the amount due and owing on a debt that UCB is retained to collect. (*Id.* ¶ 10). When Resurgent assigns an account to UCB for collection, the amount due and owing on the debt is automatically placed into UCB's account notes, which are managed by UCB's Columbia Ultimate Business System ("CUBS") computer program. All of the debt collectors hired by UCB receive training on how to operate the CUBS software. UCB's collection letters are then generated using the amount due shown in the CUBS system as the amount due in the collection letters. (*Id.* ¶¶ 3–8).

Klein states that on April 18, 2007, Resurgent represented to UCB that the amount due and owing on Plaintiff's debt was $4,860.16, with the total broken down as follows: a principal balance of $4,807.48 and interest of $52.68. (*Id.* ¶ 12). The total amount entered into UCB's CUBS computer program as due on this debt was $4,860.16. (*Id.* ¶ 13). UCB then generated a collection letter for $4,860.16 and sent the letter, dated April 20, 2007, to Plaintiff.

Neither Plaintiff nor Defendant has submitted evidence showing whether the information provided to UCB by Resurgent with respect to the amount due was correct or inaccurate. Nor has Plaintiff offered any proof of what she contends was the true, accurate amount due on the debt as of April 20, 2007, the date of UCB's single collection letter to her.

## II. *SUMMARY JUDGMENT STANDARD*

The facts will be viewed in the light most favorable to the nonmoving party on each respective motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir.2004). Summary judgment is proper when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The movant carries its burden by showing the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

The nonmovant is then required "to go beyond the pleadings" and to present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. The Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could return a verdict for the nonmoving party. *Id.* at 249, 106 S.Ct. 2505; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir.2003). Rule 56(c) "man-

dates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

## III. DISCUSSION

### A. Violation of 15 U.S.C. § 1692e(2)(A)

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors and to protect consumers against debt collection abuses. *See* 15 U.S.C. § 1692(e). Under the FDCPA, Section 1692e(2)(A) makes it a violation for a debt collector to falsely represent "the character, amount, or legal status of any debt...." 15 U.S.C. § 1692e(2)(A). The sole disputed issue in this case is whether UCB falsely represented the amount of Plaintiff's debt in its single collection letter to her. It is an essential element of Plaintiff's case to show that UCB misrepresented the amount of the debt. *See id.*; *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174–75 (9th Cir.2006).

█ Plaintiff contends that despite the fact that she made no payments on her credit card debt since approximately February 2005, the balance allegedly owed has been on a "roller coaster ride" since her account went into default. (Doc. 38–2 at 8–9). It is undisputed that the one collection letter from UCB to Plaintiff dated April 20, 2007 stated that the amount due on the debt was $4,860.16. Plaintiff asserts that the amount of the debt communicated to her by UCB on April 20, 2007 must be false because of the earlier and later letters from other debt collectors in which the amount was inexplicably higher or lower. When asked in an interrogatory to provide a breakdown by principal, interest and fees of what she contends would

have been the correct amount due on the credit card debt as of April 20, 2007, Plaintiff objected to the interrogatory as calling for a legal conclusion, and stated that she is unable to calculate the amount "because she has received conflicting balances" from the various debt collection agencies. (Doc. 45–5 at 6, ¶ 10).

In support of her FDCPA claim, Plaintiff cites to an unreported case from the United States District Court for the Southern District of Indiana, *Pickard v. Lerch*, No. 1:03CV1688–LJM–WTL, 2005 WL 1259629, at *1 (S.D.Ind.2005). The *Pickard* case, however, is distinguishable. In *Pickard*, a debt collector sent a collection letter to the debtor, Virginia Pickard, stating that she owed a particular amount in unpaid principal and interest, when apparently the amount stated included only unpaid principal. The debt collector later filed a lawsuit against the debtor to collect the same debt, alleging that the debtor owed a different amount. Pickard then sued the debt collector in federal court, claiming that the debt collector violated the FDCPA by sending her an improper collection letter that stated only a portion of the amount owed—the unpaid principal balance—rather than the total debt owed, which included interest. *Id.* at *3 (citing *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 875–76 (7th Cir.2000) (finding that a dunning letter that stated only the unpaid principal balance, when a known amount of interest had accrued, violated the FDCPA)). Pickard's supporting exhibits included evidence from the debt collector's lawsuit that showed that the amount stated in the debt collector's initial collection letter to the debtor was incorrect. *Id.* The *Pickard* court concluded that the plaintiff had met her burden of proof that the statement in the debt collector's initial collection letter was a false statement. *Id.* at

*4. The burden then shifted to the debt collector to show otherwise. *Id.*

Unlike the defendant debt collector in *Pickard* who provided contradicting statements to the debtor of the amount owed, in this case UCB sent one collection letter to Plaintiff, and did not contact Plaintiff again or assert at any time that Plaintiff owed an amount different from that stated in its April 20, 2007 letter. Although Plaintiff has presented evidence showing that two other debt collection agencies sent collection letters to Plaintiff alleging an amount due on the debt that was *different* than the amount stated in UCB's April 20, 2007 collection letter, she has presented no evidence that the amount showing as due from UCB was a *false* representation of the total amount then due on the debt. Nor has she presented evidence showing what she contends was the "correct" amount of the debt as of April 20, 2007, the date of UCB's single collection letter to her. Plaintiff's attempt to rely on the affidavit of Hanna (showing how his firm calculated Plaintiff's debt in its letter to her dated June 30, 2007) to show that UCB misrepresented the amount of the debt on April 20, 2007 is unavailing, particularly in light of the fact that Plaintiff, in her Second Amended Complaint, also sued Hanna for misrepresenting the amount of the debt in its communications to her. (Doc. 29 ¶¶ 30, 36).

UCB denies that it falsely represented the amount of the debt and contends that Plaintiff has failed to establish the existence of an element essential to her case. UCB argues that Plaintiff cannot prove that it misrepresented the amount due on the debt if she has no idea what the correct amount is. The Court agrees.

Plaintiff's supporting affidavits and exhibits do not meet her burden of proof that the statement in UCB's single collection letter dated April 20, 2007 of the amount of the debt was a false statement. Plaintiff's assertion that she has no means to calculate the correct amount "because she has received conflicting balances" from the various collection agencies is without merit. (Doc. 47–3, Pl.'s Resp. to Defendant's Statement of Material Facts ["DSMF"] ¶ 4). Plaintiff's initial disclosures show that she has in her possession copies of her credit card monthly billing statements from 2002 through the beginning of 2004, none of which she provided to the Court. (Doc. 8 at 18–19, Pl.'s Initial Disclosures, Attachment C). Nor has Plaintiff offered any deposition testimony, interrogatory responses, requests to admit or responses to requests for production of documents to support her claim that UCB's April 20, 2007 letter *falsely* represented the amount due on the debt. (Doc. 29, SAC ¶ 21).

Because Plaintiff has offered no evidence showing that the amount represented by UCB as due and owing on the debt was false, she has failed to establish the existence of an element essential to her case, one on which she would bear the burden of proof at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993) (to prevail on summary judgment, "the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.") Accordingly, Plaintiff's summary judgment motion must be denied, and UCB's motion for summary judgment must be granted. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548 (noting that summary judgment must be entered against a party who fails to establish an essential element on which it bears the burden of proof).

### B. *Bona Fide Error Defense*

■ UCB argues that even if its collection letter did violate the FDCPA, it is entitled to the bona fide error defense.

Plaintiff has not addressed UCB's argument in any of her briefing papers. Pursuant to § 1692k(c)'s bona fide error defense, a debt collector is shielded from liability under the FDCPA if it can show by a preponderance of the evidence that its violation of the Act was (1) not intentional and (2) resulted from a bona fide error despite procedures reasonably adapted to avoid any such violation. 15 U.S.C. § 1692k(c); *Jenkins v. Heintz*, 124 F.3d 824, 832–34 (7th Cir.1997) (finding debt collector conclusively established procedures prong where the debt collector actually employed both general procedures to comply with the FDCPA and specific procedures designed to avoid the error at issue). A debt collector must show that reliance on the creditor's information was reasonable or that the debt amount is the same as that found in the creditor's report. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir.1992)).

In *Smith*, the court affirmed no violation where the creditor listed the wrong amount of the debt and the debt collector merely transferred this incorrect information to the communication sent to the consumer. *Smith*, 953 F.2d at 1032. There, the court found that the $10 discrepancy in the amount due and the amount listed constituted a clerical error and the bona fide error defense was proven by the debt collector. *Id.* The defense was established by the debt collector's proof that it employed procedures reasonably adapted to prevent errors in amounts referred for collection. *Id.* The plaintiff in *Smith* brought no facts forward to challenge the procedures articulated by the debt collector. *Id.*

■ When a consumer requests validation of a debt pursuant to the FDCPA, the debt collector is required to cease collection of the debt until it provides verification of the debt to the consumer. A debt collector is not required to verify the debt, but instead may cease all collection activity on the account. *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th Cir.2007); *Shimek v. Weissman, Nowack, Curry & Wilco*, 323 F.Supp.2d 1344, 1350 (N.D.Ga.2003). There is no duty for the debt collector to conduct an independent investigation of the debt information provided. *See, e.g., Jenkins*, 124 F.3d at 833–34; *Smith*, 953 F.2d at 1032.

■ Here, the evidence shows that once Plaintiff requested validation of the debt, UCB ceased its collection activities and did not contact Resurgent to confirm the validity of the debt. The test then is whether UCB reasonably relied on Resurgent's representation and whether UCB had reasonable procedures in place to avoid making errors in the transfer of information from the client to the consumer. *Clark*, 460 F.3d at 1177.

In the record before this Court, there is no evidence to suggest that UCB did anything other than reasonably rely on the information that Resurgent provided. Nor is there any evidence to suggest that an error was made in the transfer of information from Resurgent to UCB, or from UCB to the Plaintiff. For summary judgment purposes, Mr. Klein's affidavit regarding the process and procedures utilized by UCB to avoid making errors in transmitting to the debtor the amount due that it receives from its client rises to the level of a preponderance of the evidence. Plaintiff has offered no facts to rebut or challenge the procedures articulated by UCB in the Klein affidavit, or from which a jury could reasonably conclude that UCB intentionally falsely represented the amount of Plaintiff's debt. Accordingly, the bona fide error defense shields UCB from liability for the FDCPA violation that Plaintiff has alleged, and UCB should be granted summary judgment on Plaintiff's

claim under the FDCPA. *Smith,* 953 F.2d at 1032.

### C. *Defendant UCB's Motion for Attorney's Fees Pursuant to 15 U.S.C. § 1692k(a)(3)*

■ Defendant UCB seeks attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). That section of the FDCPA permits the court to award the defendant attorney's fees and costs upon the court's finding that plaintiff's lawsuit was brought in bad faith and for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). The standard for bad faith is higher than the standard for mere frivolousness. *Hinds v. Credigy Receivables, Inc.,* No. 6:07–CV–1081–Orl–28GJK, 2008 WL 5381345, at *6 (M.D.Fla. Dec. 23, 2008) (noting that in assessing bad faith, the court "focuses primarily on Plaintiff's conduct and motives, and not on the validity of th[e] case"). Plaintiff's argument that receiving a series of collection letters showing different amounts due would confuse the least sophisticated consumer is minimally colorable. Reviewing the present record, Defendant UCB has not provided sufficient evidence of bad faith and purposeful harassment to support an award of attorney's fees under the FDCPA. Accordingly, UCB's motion for attorney's fees should be denied.

### IV. *CONCLUSION*

For the reasons stated above, I **RECOMMEND** that Defendant UCB's Motion for Summary Judgment (Doc. 45) be **GRANTED,** that Plaintiff's Motion for Partial Summary Judgment (Doc. 38) be **DENIED,** and that Defendant UCB's motion for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (Doc. 45) be **DENIED.**

**IT IS SO RECOMMENDED,** this 8th day of January, 2009.