In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3765

JOSEPH LAKE, individually and on behalf
of all persons similarly situated,

*Plaintiff-Appellant,*

*v.*

LANGDON D. NEAL, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 2742—**Robert W. Gettleman,** *Judge.*

ARGUED SEPTEMBER 14, 2009—DECIDED NOVEMBER 6, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

EVANS, *Circuit Judge*.  The *Duck Test* holds that if it walks like a duck, swims like a duck, and quacks like a duck, it's a duck. Joseph Lake, the plaintiff in this suit, flunks the *Duck Test*. He says, in effect, that if it walks like a duck, swims like a duck, and quacks like a duck, it sure as heck isn't a duck.

The crux of Lake's argument in this appeal is that a voter registration form is actually a motor vehicle record. He argues that the Chicago Board of Election Commissioners (Board) violated the Driver's Privacy Protection Act (DPPA)[1]—which regulates motor vehicle records—by disclosing personal information it obtains from voter registration records that were completed at an office of the Illinois Department of Motor Vehicles (DMV). After a parallel claim in state court was dismissed with prejudice, Lake instituted this class action suit against the Board. Recognizing a fatal flaw in Lake's argument, the district court granted the defendants' motion to dismiss for failure to state a claim.

Because this case comes to us on an appeal from an order granting a motion to dismiss for failure to state a claim, we accept as true all well-pleaded facts alleged, drawing all possible inferences in the plaintiff's favor. *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999). Here are the facts.

In 1998, Lake applied for a driver's licence at an office of the Illinois DMV. Pursuant to the National Voter Registration Act (NVRA),[2] he exercised an option to register to vote at the same time. He filled out and submitted a voter registration form, which was attached to the driver's license application. The completed voter registration form was transmitted to the Board. In 2007, a fellow named Peter Zelchenko acquired Lake's personal

---

[1]  18 U.S.C. §§ 2721-25.

[2]  42 U.S.C. § 1973.

information—he says it was his name, date of birth, sex, address, former address, phone number, and social security number[3]—by simply asking the Board for it. Zelchenko informed Lake that he acquired his personal information from the Board.

Lake raises two issues on appeal, but we need only discuss one: Did his complaint state a cause of action under the DPPA?

The district court dismissed the complaint for failure to state a claim after it determined that a voter registration form filled out at the DMV under the NVRA is not a motor vehicle record under the DPPA. We review grants of motions for failure to state a claim *de novo*. *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002).

A bit of background on the two statutes is necessary. The DPPA regulates the ways a DMV can disclose information. Congress passed the DPPA in response to safety and privacy concerns stemming from the ready availability of personal information contained in state motor vehicle records. The most prominent example of the realization of these concerns was the 1989 murder of actress Rebecca Schaeffer, star of the television series "My Sister Sam." *See* 137 Cong. Rec. 27, 327 (1993). An obsessed fan stalked and killed the actress, in her own apartment, after he obtained her unlisted address from

---

[3] Although we are required to accept as true the facts as pled, we have a hard time believing that the Board, in this day and age, would intentionally release a registered voter's social security number.

the California DMV. The second statute, the NVRA, allows eligible citizens to register to vote while applying for a driver's license. Congress passed the NVRA to (1) make it easier to register to vote and (2) to help protect the integrity of the process by ensuring that accurate voter registration rolls are maintained.

The basis for plaintiff's claim is § 2724 of the DPPA, which creates a private cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter . . . ." The DPPA defines a motor vehicle record as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles[.]" The issue for us is whether the voter registration form that Lake filled out at the DMV is a "motor vehicle record" under the DPPA. It qualifies as such only if it "pertains" to one of the documents mentioned in the statute.

The plain language of both statutes makes it clear that a voter registration form filled out pursuant to the NVRA does not "pertain" to any of the listed DMV documents. The dictionary tells us that "pertain" means "to belong as a part, member, accessory, or product."[4] The voter registration form, which is filled out separately and at the applicant's option, is not a part, member, accessory, or product of a motor vehicle operator's permit. Other than the fact that it is filled out simultaneously

---

[4] Merriam-Webster's Collegiate Dictionary (11th ed. 2004).

with a driver's license application, the voter form has nothing to do with, nor does it "pertain" to, a motor vehicle operator's permit.

Finally, we would not accept Lake's argument even if a literal interpretation of the DPPA would seem to compel it because that would "lead to an absurd result . . . ." *Castellon-Contreras v. INS*, 45 F.3d 149, 153 (7th Cir. 1995) (citing *Born v. United States*, 498 U.S. 1126 (1991)). The Board receives voter registration forms from a variety of sources. The Illinois DMV, pursuant to the NVRA, is one such source. All voter registration forms contain the same basic information, which the Board must—according to Illinois state law—make available to the public. *See* 10 Ill. Comp. Stat. Ann. 5/6-35 (2009). Accepting Lake's argument would lead to an absurd situation: the Board violates federal law when it discloses the personal information it receives from the DMV pursuant to the NVRA but does not violate federal law when it discloses the same personal information it receives from other sources. This result also likely contravenes the purpose of the NVRA, which is to increase voter registration in federal elections. If it is against federal law for the Board to disclose the voter information it receives from the DMV, but against state law to not make it publicly available, the Board will likely be forced to stop accepting voter registration forms received from the DMV. That would nullify an important purpose of the NVRA.

Since a voter registration form filled out at the DMV is not a motor vehicle record under the DPPA, the Board

could not have violated the DPPA by disclosing Lake's personal information to the extent that it did.

Accordingly, the judgment of the district court is AFFIRMED.