NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2010[*]
Decided January 29, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-2898

| | |
|---|---|
| LISA J. GILLARD,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ALEXANDER S. MICHALAKOS, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 08 C 6193<br><br>Charles P. Kocoras,<br>*Judge.* |

**O R D E R**

Lisa Gillard claims that a lawyer trying to execute a judgment for unpaid rent violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o. The district court dismissed the complaint for failure to state a claim. We affirm that decision.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Gillard rented a Chicago condominium from Delphin and Angela Melchor. When she failed to pay the rent, the Melchors filed an eviction action in state court and were awarded possession and $17,375. More than a year later, in October 2008, Gillard brought this lawsuit claiming that the Melchors and their lawyer, Alexander Michalakos, had violated the FDCPA in trying to collect the judgment. The complaint, which we accept as true, *see Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009), alleges that the Melchors assaulted Gillard on a city bus, and that Michalakos placed a lien on her bank account by serving the bank with a citation to discover assets, *see* 735 ILL. COMP. STAT. 5/2-1402. These actions, according to Gillard, constituted "abusive, deceptive, and unfair" debt-collection practices.

The Melchors were never served with process, and thus were never made parties to the lawsuit. *See* FED. R. CIV. P. 4; *Leber v. Universal Music & Video Distrib., Inc.*, 332 F.3d 452, 454-53 (7th Cir. 2003); *Bagola v. Kindt*, 131 F.3d 632, 637 (7th Cir. 1997). We need not mention them further. Michalakos moved to dismiss the complaint for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). In granting that motion, the district court reasoned that Gillard nowhere alleges that Michalakos was acting as a "debt collector" within the meaning of the FDCPA, and that, at all events, his actions did not violate the statute.

On appeal Gillard principally contends that Michalakos is a debt collector and that by placing the lien on her bank account he violated the FDCPA's proscription against using "unconscionable means" to collect a debt. *See* 15 U.S.C. § 1692f. A lawyer's collection efforts can potentially lead to liability under the FDCPA, but only if the attorney qualifies as a "debt collector" as defined in the statute. *See* 15 U.S.C. § 1692(a)(6); *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006); *Boyd v. Weber*, 275 F.3d 642, 644 (7th Cir. 2001); *Jenkins v. Heintz,* 25 F.3d 536, 538 (7th Cir. 1994). The district court concluded that Gillard's complaint does not allege that Michalakos was acting as debt collector; he is not explicitly described as a "debt collector," and neither does the complaint say that he regularly collected debts or that the principal purpose of his law practice was to collect debts. But whether or not Michalakos was functioning as a "debt collector," his use of § 5/2-1402 to obtain a lien on Gillard's bank account did not violate § 1692f. We so held in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 475 (7th Cir. 2007), and Gillard's only answer to that decision is that we should disregard it. *See also Shimek v. Weissman, Nowack, Curry, & Wilco, P.C.*, 374 F.3d 1011, 1013-14 (11th Cir. 2004).

Gillard's remaining contentions are likewise meritless. She insists that her complaint states a claim under 15 U.S.C. § 1692e(7), which imposes liability if a debt collector tries to disgrace a debtor by falsely implying or representing that he committed a crime or engaged in other misconduct. *See McMillan v. Collection Prof'ls Inc*., 455 F.3d 754, 760-61 (7th Cir. 2006). As the district court pointed out, nowhere in her complaint does Gillard allege that Michalakos said or implied anything about her that was not true. The absence of allegations

also dooms Gillard's suggestion that her complaint accuses Michalakos of engaging in harassing conduct, *see* 15 U.S.C. § 1692d, by sending his clients to assault her on the bus. There is no hint of a connection between Michalakos and the assault.

AFFIRMED.