ORDER
Lisa Gillard claims that a lawyer trying to execute a judgment for unpaid rentvio-lated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-16920. The district court dismissed the complaint for failure to state a claim. We affirm that decision.
Gillard rented a Chicago condominium from Delphin and Angela Melchor. When she failed to pay the rent, the Melchors filed an eviction action in state court and were awarded possession and $17,375. More than a year later, in October 2008, Gillard brought this lawsuit claiming that the Melchors and their lawyer, Alexander Michalakos, had violated the FDCPA in trying to collect the judgment. The complaint, which we accept as true, see Lake v. Neal, 585 F.3d 1059, 1060 (7th Cir.2009), alleges that the Melchors assaulted Gillard on a city bus, and that Michalakos placed a lien on her bank account by serving the bank with a citation to discover assets, see 735 Ill. Comp. Stat. 5/2-1402. These actions, according to Gillard, constituted “abusive, deceptive, and unfair” debt-collection practices.
The Melchors were never served with process, and thus were never made parties to the lawsuit. See Fed.R.Civ.P. 4; Leber v. Universal Music & Video Distrib., Inc., 332 F.3d 452, 454-53 (7th Cir.2003); Bagola v. Kindt, 131 F.3d 632, 637 (7th Cir.1997). We need not mention them further. Michalakos moved to dismiss the complaint for failure to state a claim. See Fed.R.CivP. 12(b)(6). In granting that motion, the district court reasoned that Gillard nowhere alleges that Michalakos was acting as a “debt collector” within the meaning of the FDCPA, and that, at all events, his actions did not violate the statute.
On appeal Gillard principally contends that Michalakos is a debt collector and that by placing the hen on her bank account he violated the FDCPA’s proscription against using “unconscionable means” to collect a debt. See 15 U.S.C. § 1692f. A lawyer’s collection efforts can potentially lead to liability under the FDCPA, but only if the attorney qualifies as a “debt collector” as defined in the statute. See 15 U.S.C. § 1692(a)(6); McCready v. eBay, Inc., 453 F.3d 882, 888 (7th Cir.2006); Boyd v. Wexler, 275 F.3d 642, 644 (7th Cir.2001); Jenkins v. Heintz, 25 F.3d 536, 538 (7th Cir.1994). The district court concluded that Gillard’s complaint does not allege that Michalakos was *3 acting as debt collector; he is not explicitly described as a “debt collector,” and neither does the complaint' say that he regularly collected debts or that the principal purpose of his law practice was to collect debts. But whether or not Michalakos was functioning as a “debt collector,” his use of § 5/2-1402 to obtain a lien on Gil-lard’s bank account did not violate § 1692f. We so held in Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 475 (7th Cir.2007), and Gillard’s only answer to that decision is that we should disregard it. See also Shimek v. Weissman, Nowack, Curry, & Wilco, P.C., 374 F.3d 1011, 1013-14 (11th Cir.2004).
Gillard’s remaining contentions are likewise meritless. She insists that her complaint states a claim under 15 U.S.C. § 1692e(7), which imposes liability if a debt collector tries to disgrace a debt- or by falsely implying or representing that he committed a crime or engaged in other misconduct. See McMillan v. Collection Prof'ls Inc., 455 F.3d 754, 760-61 (7th Cir.2006). As the district court pointed out, nowhere in her complaint does Gillard allege that Michalakos said or implied anything about her that was not true. The absence of allegations also dooms Gillard’s suggestion that her complaint accuses Michalakos of engaging in harassing conduct, see 15 U.S.C. § 1692d, by sending his clients to assault her on the bus. There is no hint of a connection between Michalakos and the assault.
AFFIRMED.