NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 17, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3449

| | |
|---|---|
| LISA J. GILLARD, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 C 4208 |
| NORTHWESTERN UNIVERSITY, | |
| *Defendant-Appellee.* | Joan B. Gottschall, |
| | *Judge.* |

**O R D E R**

Lisa Gillard, who is not a student, alumna, or employee of Northwestern University, was asked to leave a school library and was escorted off the premises. She sued Northwestern claiming that her expulsion violated federal statutes that prohibit discrimination based on race and, she asserts, discrimination against individuals

---

[*]After examining the briefs and the record, we have determined that oral argument is unnecessary. As such, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

researching disability rights. After giving Gillard four chances to expand on her allegations, the district court finally dismissed her case with prejudice. She appeals.

For purposes here, we accept as true the allegations in Gillard's fourth amended complaint. Gillard, an African American with an unexplained mental handicap that affects her reading comprehension, had been using Northwestern facilities to conduct personal research concerning the rights of the disabled. After the law school revoked her permission to use its library, Gillard moved to a computer lab in another building, but was escorted out after accusing a student of physically assaulting her. At the time a campus police officer told her that she was "starting stuff" and that "getting rid" of her would solve the problem. Gillard later attempted to continue her work at the university's Joseph Schaffner Library but was told by a campus police officer to leave. Gillard does not say what reason was given by the officer, if any.

Gillard brought four claims premised on the denial of her use of the Schaffner Library. The first claim, under Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a to 2000a-6, alleges that Northwestern engaged in racial discrimination "due to the disparate impact of this civil and human rights violation by denying Plaintiff a legal written justification, legal written warning, or a legal written notice of her banning from this public library with public accommodations." Following the same format, the second and third claims, under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, allege that Northwestern violated her rights "because of previous knowledge of her disability rights legal research claim, and the disparate impact of this civil and human rights violation." The fourth claim, under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-4, alleges that Northwestern violated her rights "because there is a nexus between Plaintiff's rights and Defendant's adverse action due to some federal funding, a Federal Depository system, and the disparate impact of this civil and human rights violation." She seeks $ 80 million in damages. The district court dismissed the complaint on the ground that it lacks a plausible basis for a disability claim or the assertion that Northwestern's actions were motivated by Gillard's race.

Gillard argues on appeal that the district court erred because Northwestern's library counts as a "place of public accommodation" under the relevant statutes. But the status of the library is irrelevant. The district court assumed that the library was open to the public but dismissed the complaint on the ground that Gillard does not allege any facts that could lead one to believe that the university excluded her because she belongs to a protected class. Accordingly, the pertinent issue is whether the complaint properly alleges discrimination.

We review a dismissal for failure to state a claim de novo.  *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009); *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). Gillard's complaint must provide enough facts to make out a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*,  550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When the plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not satisfy the minimal pleading burden of Rule 8 of the Federal Rules of Civil Procedure.  *Iqbal*, 129 S. Ct. at 1950.

The statutes Gillard invoked all require proof that she was treated differently because of her race or a qualifying disability.  *See* 29 U.S.C. § 794 (prohibiting discrimination against an "otherwise qualified individual with a disability"); 42 U.S.C. § 2000a (prohibiting discrimination in places of public accommodation "on the ground of race"); *id*. § 2000d (prohibiting discrimination "on the ground of race" in programs receiving federal assistance); 42 U.S.C. § 12182(a) (prohibiting discrimination in public accommodations "on the basis of disability"); *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (holding that Title VI prohibits only intentional discrimination); *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007) (same); *Rothman v. Emory Univ.*, 123 F.3d 446, 451 (7th Cir. 1997) (requiring direct or indirect evidence of discrimination for ADA and Rehabilitation Act claims).  After reviewing the complaint, we reach the same conclusion as the district court: Gillard does not allege any facts raising a plausible inference that race (or any other protected ground) was a factor behind Northwestern's expulsion.

AFFIRMED.