NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 28, 2010[*]
Decided July 29, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1853

| | |
|---|---|
| LISA J. GILLARD,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>PROVEN METHODS SEMINARS, LLC,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 09 C 5292<br><br>James B. Zagel,<br>*Judge.* |

**O R D E R**

Lisa Gillard claims that Proven Methods Seminars, LLC, ran afoul of several federal antidiscrimination statutes by kicking her out of an event because of her race, religion, and disability. The district court dismissed the complaint. Gillard appeals, and we affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

At this stage in the proceedings we must accept as true the facts Gillard alleges in her complaint. *See Jay E. Hayden Found. v. First Neighbor Bank*, No. 09-2781, 2010 WL 2485678, at *1 (7th Cir. June 22, 2010). Gillard, an African American who practices Buddhism and suffers from an unexplained mental disability, attended a seminar hosted by Proven Methods. She selected a seat on the west side of the room, but that side became crowded, so she moved to the east side. A man approached and interrogated her about why she had switched seats. Gillard refused to answer because she thought he was abrasive, and in any event she had not been given written notice of any special seating arrangements. The man, who turned out to be a Proven Methods employee, told her to leave the seminar and eventually had her escorted out.

In her complaint Gillard claims that Proven Methods violated Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a to 2000a-6, by denying her "the full use and enjoyment" of its seminar on the basis of her race and religion. She also claims that the company violated the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by removing her from the seminar on the basis of a "legally cognizable mental disability that affects her reading." And, she adds, her expulsion on the basis of her race violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-4, because Proven Methods "is a nationwide research and educational organization and clearing house for federal, state and local government grants and programs." She demands $80 million in damages. The district court dismissed the complaint on the company's motion, although on one claim the dismissal was without prejudice.

Gillard's claims in this case mirror those in a baseless complaint she filed against Northwestern University after the school removed her from its library. *See Gillard v. Nw. Univ.*, No. 09-3449, 2010 WL 939947 (7th Cir. Mar. 17), *cert. denied*, 78 U.S.L.W. 3729 (U.S. June 14, 2010) (No. 09-10581). The arguments she presents to us here are essentially identical to those she made in her appeal against Northwestern, which we rejected one month before this appeal was filed. *See id.* As we have already explained to Gillard, *see id.* at *2, the statutes she has invoked would all require proof that she was treated differently because of her race, religion, or disability, yet the events she describes in her complaint do not raise even a plausible inference that Proven Methods kicked her out of its seminar on the basis of these forbidden grounds. *See* 29 U.S.C. § 794(a) (prohibiting discrimination against "qualified individual with a disability"); 42 U.S.C. § 2000a(a) (prohibiting discrimination "on the ground of" race or religion); 42 U.S.C. § 2000d (prohibiting discrimination "on the ground of race"); 42 U.S.C. § 12182(a) (prohibiting discrimination "on the basis of disability"); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (holding that facts pleaded in complaint must "permit the court to infer more than the mere possibility of

misconduct"); *Golden v. Helen Sigman & Assocs.*, No. 08-1506, 2010 WL 2630598, at *4 (7th Cir. July 2, 2010) (dismissing claim that "lack[ed] the factual specificity required to raise it above the speculative level").  We do not see any reason to disturb the district court's judgment except that, because the lawsuit is frivolous, we modify the dismissal to be with prejudice as to all claims.

Gillard's appeal is also frivolous.  Proven Methods has suggested that we sanction her, although the company stopped short of filing a separate motion as required by Federal Rule of Appellate Procedure 38.  *See Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601, 605 (7th Cir. 2008).  We do warn Gillard, however, that, if she continues to file frivolous appeals, she will be subject to sanctions or restrictions on future litigation.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED as MODIFIED.